THE HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

COALVIEW CENTRALIA, LLC,
a Delaware limited liability company,

Plaintiff,

v.

TRANSALTA CENTRALIA MINING LLC,
a Washington limited liability company, and
TRANSALTA CORPORATION, a Canadian
corporation,

Defendants.

NO. 3:18-cv-05639

PLAINTIFF'S MOTION TO COMPEL
PRODUCTION OF DOCUMENTS
OUTSTANDING IN RESPONSE TO
PLAINTIFF'S REQUEST FOR
PRODUCTION

NOTE ON MOTION CALENDAR:

JULY 12, 2019

Plaintiff, COALVIEW CENTRALIA, LLC ("**Coalview**"), through undersigned counsel, and pursuant to Fed. R. Civ. P. 37(a)(3)(iv) and L.R. 37.1, hereby files this Motion to Compel Production Of Documents Outstanding In Response To Plaintiff's Request For Production regarding the production of documents responsive to Coalview's First Request for Production (the "**RFP**") by Defendants, TRANSALTA CENTRALIA MINING LLC ("**TCM**") and TRANSALTA CORPORATION ("**TCM Parent**") (collectively, the "**Defendants**"), and in support, states:

GARVEY SCHUBERT BARER, P.C.
eighteenth floor
1191 second avenue
seattle, washington 98101-2939
206 464 3939

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## **<u>INTRODUCTION</u>**

Coalview served its RFP *last year*, in December 2018. To date, TCM - by its own admission - has produced only a tiny fraction of the responsive documents it claims it has gathered in response to Coalview's RFP. Indeed, TCM's delay has proved to be a pattern. Because of TCM's initial failure to timely produce *any* documents in response to the RFP, Coalview was forced to file a motion to compel (the "**Initial Motion to Compel**") in February 2019 (D.E. 83). At that time, TCM had not produced a single document in response to Coalview's RFP. Despite over four months passing since Coalview filed its Initial Motion to Compel (which was denied by the Special Master based on TCM's representation to the Court that it would compete its production by April 5, 2019), TCM is far from completing its production (and in fact has only produced a small portion of promised documents), without having offered any valid justification. In fact, TCM has time and time again promised that production would be completed by a long-since-passed date certain, but has consistently retreated from, and rebuffed, each and every promised production schedule.

Now again, TCM has given no indication when it will complete production other than provide vague assertions. There must be an end to TCM's stalling and misrepresentations about the timing of its production.  TCM's continued delay prejudices Coalview, preventing it from taking depositions and from otherwise prosecuting this action.  TCM's obstructionist conduct has left Coalview with no reasonable alternative but to file this Motion. TCM should be compelled to complete production of all responsive documents forthwith or suffer meaningful sanctions for its failure to do so.

GARVEY SCHUBERT BARER, P.C.
*eighteenth floor*
*1191 second avenue*
*seattle, washington 98101-2939*
*206 464 3939*

## ARGUMENT AND AUTHORITIES

**A.  History of TCM's Delay in Producing Documents**

1.    Coalview served its RFP approximately six months ago in December 2018. *See* Declaration of Steve Silverman In Support of Plaintiff's Initial Motion to Compel (D.E. 94) (the "**Initial Silverman Declaration**"), ⁋ 5.

2.    On January 22, 2019, Defendants served their Responses and Objections to the RFP.  *See* Initial Silverman Declaration, ⁋6.

3.    Defendants did not seek an extension of time to respond to the RFP or to provide responsive documents.  *See* Initial Silverman Declaration, ⁋7.

4.    On January 22, 2019, Defendants' counsel sent a letter to Coalview's counsel stating that they "will be producing documents" and that "collection *and production* [of documents was] currently underway." (emphasis added).  *See* Initial Silverman Declaration, ⁋8.

5.    But TCM had not produced any documents.

6.    Thus, on February 6, 2019, the parties' respective counsel participated in a meet and confer conference.  *See* Initial Silverman Declaration, ⁋10.

7.    During the meet and confer conference, TCM's counsel represented that they anticipated that TCM would produce the first set of documents by the end of the following week (i.e. the week of February 11), produce all emails by the end of the February, and the rest of production by March 8, 2019. *See* Initial Silverman Declaration, ⁋13.

8.    TCM did not produce any documents in accord with the schedule it represented it would adhere to, as referenced in the immediately preceding paragraph. *See* Initial Silverman Declaration, ⁋14.

GARVEY SCHUBERT BARER, P.C.
*eighteenth floor*
*1191 second avenue*
*seattle, washington  98101-2939*
*206 464 3939*

9.      In fact, TCM did not produce *any* documents in response to the RFP until March 22, 2019 (and this was only after Coalview filed its Initial Motion to Compel). *See* Declaration of Steve Silverman ("**Subsequent Silverman Declaration**") filed contemporaneously herewith, ¶6.

10.     In TCM's Reply in Support of its Motion for Leave to Amend Counterclaim (D.E. 121), filed on April 26, 2019, TCM states:

> TransAlta has gathered over **730,000 documents** from multiple sources . . . TransAlta has produced approximately 10,000 documents comprising 33,000 pages and intends to produce more.

D.E. 121 at 4, n.3 (emphasis added).[1]

11.     On March 14, 2019 and March 26, 2019, the Special Master held telephonic conferences, including regarding Coalview's Initial Motion to Compel, during which TCM's counsel represented to the Court (and also confirmed by letter to Coalview) that TCM's production would be completed by April 5, 2019. *See*  D.E. 106 (Report and Recommendation) ("Defendant's attorney indicated at the telephonic conferences held on March 14, 2019 and March 26, 2019 that Defendant continued to produce documents in response to the RFPs and expected to complete production in April 2019") (emphasis added); *see also* Subsequent Silverman Declaration, ¶7 and Ex. A thereto.

12.     Thus, based on the representation of TCM's counsel that TCM would complete production by April 5, 2019, the Special Master recommended that Coalview's Motion to Compel be denied.  *See* D.E. 106 at 4.

[1] While TCM has since produced some additional documents, the total number produced remains only a mere small percentage of the total number of documents TCM purports to have gathered. Moreover, TCM has given no indication when it anticipates completing its long-overdue production.

[PLAINTIFF'S MOTION TO COMPEL] - 4

GARVEY SCHUBERT BARER, P.C.
*eighteenth floor*
*1191 second avenue*
*seattle, washington  98101-2939*
*206 464 3939*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

13.      On April 4, 2019, shortly after the hearing where TCM's counsel represented that TCM would complete production by April 5, and after the Special Master had issued its Report and Recommendation, TCM's counsel sent an e-mail once again ***retreating*** from the production schedule that TCM represented, this time in open court to the Special Master only the week prior, claiming it was "no longer feasible" to produce by April 5, and claiming that TCM "do[es] expect to have the production substantially completed by the end of the month [April], however." *See* Declaration of Steve Silverman In Support of Opposition to TCM's Motion for Leave to Amend Complaint (D.E. 118-1) & Ex. 2 thereto.

14.      Since then, Coalview has repeatedly sought TCM's production.  On June 18, 2019, counsel for the parties participated in a meet and confer conference, during which TCM's counsel was unable give any indication when TCM anticipates completing its long-overdue production, other than providing vague assertions, such as that they "hope to be wrapping up." *See* Subsequent Silverman Declaration, ¶8.

**B.   TCM Should Be Compelled to Complete Its Production Forthwith**

TCM has repeatedly delayed providing documents responsive to Coalview's discovery requests *served last year* and that it promised to produce on many occasions, including providing that promise to the Court for no other purpose but to avoid an adverse ruling on Coalview's Initial Motion to Compel. TCM's repeated misrepresentations and failure to abide by its representations to counsel and to the Court have frustrated Coalview's efforts to obtain documents, has caused unnecessary delay, and prevents Coalview from scheduling depositions and otherwise prosecuting this action. TCM's continued delay required Coalview to file the

GARVEY SCHUBERT BARER, P.C.
*eighteenth floor*
*1191 second avenue*
*seattle, washington  98101-2939*
*206 464 3939*

Initial Motion to Compel back in February 2019, and has now necessitated the filing of this
motion to compel.

Federal Rule of Civil Procedure 34 requires TCM to have produced documents long
ago:

> The production must then be completed no later than the time for inspection
> specified in the request or another reasonable time specified in the response. The
> production must then be completed no later than the time for inspection
> specified in the request or another reasonable time specified in the response.

Fed. R. Civ. P. 34(b)(2)(B) (emphasis added). Undoubtedly, TCM is in violation of Rule 34.
Federal Rule of Civil Procedure 37 allows the Court to compel disclosure when a party has not
provided discovery in a timely fashion. Fed. R. Civ. P. 37; *see also Melland v. Cornerstone
Dental, PC, a Washington Corp.,* C13-5413 RJB, 2014 WL 12029282, at *2 (W.D. Wash. Jan.
8, 2014) (granting motion to compel, finding that plaintiff "[wa]s entitled to the requested
discovery forthwith" where based on defendants' representations, discovery responses "should
now have been served"); *Cunningham v. Bank One,* C05-2104RSM, 2006 WL 3361773, at *1
(W.D. Wash. Nov. 20, 2006) (compelling production of documents by next day where party
already agreed to produce information sought in response to discovery, but provided no
explanation why such information had not yet been produced); *U.S. for Use & Benefit of Lord
Elec. Co., Inc. v. Titan Pac. Const. Corp.,* 637 F. Supp. 1556, 1563 (W.D. Wash. 1986) (noting
court had imposed sanctions, finding failure to deliver documents responsive to discovery in a
timely manner was "totally inappropriate").

Here, TCM has never disputed Coalview's entitlement to the documents requested in
December 2018 (indeed it has repeatedly promised to produce them), nor does TCM dispute
that its production is incomplete. Nor does TCM dispute that it has the documents in its

GARVEY SCHUBERT BARER, P.C.
*eighteenth floor
1191 second avenue
seattle, washington 98101-2939
206 464 3939*

possession and is obligated to produce them. Moreover, TCM cannot reasonably dispute that it has breached its representations of production on multiple occasions, and that its production has taken an excessive amount of time and has delayed Coalview's prosecution of this matter. There is no excuse for TCM's six month lapse in time since Coalview served its RFP during which TCM has failed to complete its production (nor is it apparently close to completion).

Despite Coalview's numerous good faith efforts to resolve this dispute over the last six months, TCM remains unable to commit to any date by which the required production will be completed (and any date it has previously committed to, it has failed to meet). Coalview has exhausted its ability to let this matter proceed without TCM's production. Time is now of the essence, as the discovery deadline is rapidly approaching.[2] Unfortunately, it is abundantly clear that only an order of this Court will compel TCM to comply with its obligation to produce the documents it owes Coalview.

Coalview should be awarded its reasonable fees pursuant to Rule 37 for its discovery misconduct and repeated breach of its promises to produce. Fed. R. Civ. P. 37(a)(5)(A); *see also Plascencia v. Collins Asset Group, LLC*, 17-1505MJP, 2019 WL 859222, at *3 (W.D. Wash. Feb. 22, 2019) (granting plaintiffs' request for fees pursuant to Rule 37 as defendant failed to timely produce documents it apparently already had in its possession); *Athwal v. Nijjer*, C17-00740RSL, 2018 WL 1156233, at *7 (W.D. Wash. Mar. 5, 2018) (granting reasonable fees for defendants' repeated failure to respect deadlines, finding three month delay in completing discovery to be unjustified). Indeed, the Notes of the Advisory Committee on Rule 37 provide that the Rule "places the burden on the disobedient party to avoid expenses by

---

[2] The parties recognize that the expert rebuttal disclosure deadline has passed under the Trial Order, and are working together in order to request by joint stipulation to reschedule that deadline, among others.

GARVEY SCHUBERT BARER, P.C.
*eighteenth floor*
*1191 second avenue*
*seattle, washington  98101-2939*
*206 464 3939*

showing that his failure is justified or that special circumstances make an award of expenses unjust." *See* Fed. R. Civ. P. 37. Undoubtedly, TCM's document production is long overdue, what has been produced is incomplete, and TCM has no substantial justification for its conduct. By failing to produce documents, TCM has stalled and interfered with Coalview's investigation of the action, diverted attention from other important aspects of the action, and wasted Coalview's and the Court's time by necessitating this discovery dispute. While Coalview made multiple good-faith efforts to avoid having to file this discovery motion, unfortunately Defendants have demonstrated a pattern of being evasive and of stonewalling discovery.

WHEREFORE, for all the foregoing reasons, Coalview respectfully requests that the Court grant this motion to compel, require Defendants to produce all responsive documents forthwith, grant Coalview its reasonable attorneys' fees and expenses, and grant such other and further relief as this Court deems just and appropriate.

DATED this 27th day of June 2019.

KLUGER, KAPLAN, SILVERMAN, KATZEN & LEVINE, P.L.

By *s/Steve I. Silverman*
Steve I. Silverman, Fla. Bar No. 516831
Philippe Lieberman, Fla. Bar No. 27146
Miami Center, 27th Floor
201 South Biscayne Boulevard
Miami, FL  33131
Telephone:  (305) 379-9000
Fax:  (305) 379-3428
Email:  ssilverman@klugerkaplan.com
Email:  plieberman@klugerkaplan.com
*Attorneys for Plaintiff*
*(Admitted Pro Hac Vice)*

GARVEY SCHUBERT BARER, P.C.
*eighteenth floor*
*1191 second avenue*
*seattle, washington  98101-2939*
*206 464 3939*

1

2

GARVEY SCHUBERT BARER, P.C.

3

By  s/David R. West
    David R. West, WSBA #13680
    By  s/Daniel J. Vecchio
    Daniel J. Vecchio, WSBA #44632
    1191 Second Avenue, 18th Floor
    Seattle, WA  98101
    Telephone: (206) 464-3939
    Fax: (206) 464-0125
    Email:  drwest@gsblaw.com
    Email:  dvecchio@gsblaw.com
    *Attorneys for Plaintiff*

4

5

6

7

8

9

## CERTIFICATE OF CONFERRAL

10

11

I hereby certify that, pursuant to Fed. R. Civ. P. 37 and L.R. 37, the movant has in good

12

faith conferred with counsel for the Defendants failing to make disclosure or discovery in an

13

effort to resolve the dispute without court action.  While the parties have met and conferred on

14

this issue on several occasions, most recently, on June 18, 2019, counsel for Coalview, Steve I.

15

Silverman, Esq. and Jeremy R. Kreines, Esq. met and conferred via telephone with counsel for

16

Defendants, Duncan Manville, Esq. and Sarah Gohmann Bigelow, Esq. Respective counsel

17

have also exchanged various emails and letters.

18

s/ Steve I. Silverman
Steve I. Silverman

19

20

## CERTIFICATE OF SERVICE

21

I hereby certify that on June 27, 2019, I electronically filed the foregoing motion with

22

the Clerk of the Court using the CM/ECF system which will send notification of this filing to

23

all parties registered to receive such notice.

24

s/ Steve I. Silverman
Steve I. Silverman

25

26

GARVEY SCHUBERT BARER, P.C.
eighteenth floor
1191 second avenue
seattle, washington  98101-2939
206 464 3939