The Honorable Ronald B. Leighton

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| COALVIEW CENTRALIA, LLC, a Delaware limited liability company,<br><br>    Plaintiff,<br><br>    v.<br><br>TRANSALTA CENTRALIA MINING LLC, a Washington limited liability company, and TRANSALTA CORPORATION, a Canadian corporation,<br><br>    Defendant. | NO.   3:18-CV-05639-RBL<br><br>**TRANSALTA CENTRALIA MINING, LLC'S MOTION TO COMPEL DISCOVERY RESPONSES**<br><br>NOTE ON MOTION CALENDAR:<br><br>FRIDAY, JULY 12, 2019<br><br>ORAL ARGUMENT REQUESTED |

TRANSALTA CENTRALIA MINING, LLC'S MOTION TO COMPEL DISCOVERY RESPONSES - 1
No. 3:18-CV-05639-RBL

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

## I. INTRODUCTION

On March 13, 2019, TransAlta moved to compel Coalview to produce evidence of its financial condition. (ECF No. 97 at 11.) Coalview opposed this motion by claiming that information regarding its finances was irrelevant and therefore not discoverable. (ECF No. 101 at 3–7.) Specifically, Coalview stated that its "finances are not even remotely relevant to the matters at issue in this case. There is no actual claim or defense pled that Coalview has breached the MSA due to purported insolvency." *Id.* at 5. The Court denied TransAlta's motion—along with Coalview's pendant discovery motions—without prejudice. (ECF No. 124.)

At the same May 9, 2019 hearing on those motions, TransAlta explained that it had terminated the parties' Master Services Agreement ("MSA") due to Coalview's insolvency, which is an event of default.[1] Since, then, Coalview has amended its complaint to seek declaratory relief to the effect that it is not insolvent, and that no event of default has occurred. (ECF No. 135 at 25–27.) Thus, Coalview has now put its financial condition directly at issue.

And yet—perhaps not surprisingly, given the history of this case—Coalview still refuses to provide the most basic information about its financial condition. In the three months since TransAlta terminated the MSA, Coalview has repeatedly insisted, and even alleged in a pleading filed with this Court, that it is solvent while steadfastly refusing to provide a shred of evidence to confirm it. The time has come.

## II. ARGUMENT

TransAlta propounded discovery requests to Coalview regarding its financial condition on January 7, 2019. (*See* TransAlta's initial motion to compel, ECF No. 97, at 4–5, 11–12.) Coalview objected that such information was irrelevant. (ECF No. 101, at 5.) Since then, TransAlta has terminated the parties' MSA based on Coalview's insolvency, and Coalview has amended its complaint to ask this Court to rule on the matter, alleging that it "is not insolvent nor unable to pay debts as they fall due, and therefore TransAlta has no right or ability to

---

[1] Per MSA § 11.2(c) an event of Default occurs if Coalview "becomes bankrupt or insolvent" or "is unable to pay its debts as they fall due, or, if able, fails to do so."

TRANSALTA CENTRALIA MINING, LLC'S MOTION TO COMPEL DISCOVERY RESPONSES - 2
No. 3:18-CV-05639-RBL

**SAVITT BRUCE & WILLEY LLP**
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

terminate the MSA." (ECF No. 135 ¶ 120.) Coalview's amended complaint moots any previous objection that its finances are not relevant.

Accordingly, TransAlta demanded that Coalview produce immediately: (1) financial statements from January 1, 2018 to the present; and, (2) information regarding the payment of its debts from the period from January 1, 2018 to the present. (Yanick Decl. Ex. A, at 1.) Such information is narrow, specific, and well within the discovery requests propounded back in January of this year. There is no basis to object to providing it.[2]

Yet Coalview objects. During the parties' most recent meet-and-confer, counsel for Coalview refused to discuss the production of financial records or even to clarify its objections to the same, instead insisting (without specific reference) that its previous correspondence makes its position clear. (Manville Decl. ¶ 2.) TransAlta followed up this call with a letter clarifying that it refuses to provide its recent financials based on an alleged oral agreement that Coalview need not produce *anything* until TransAlta *completes* its production. (Yanick Decl. Ex. B.)

There is no such agreement between the parties. (*Id*. Ex. C, at 1.) In a meet-and-confer in February, 2019, TransAlta's counsel acknowledged that Coalview had propounded its discovery requests before TransAlta's and that TransAlta therefore was not insisting that Coalview commence production before TransAlta. (*Id*. ¶ 5.) Since then, TransAlta has produced 10,137 documents, amounting to over 33,000 pages of material, and is working through the massive volume of material it has gathered to produce the rest as quickly as possible.[3] There was never an agreement—written or oral, express or implied—that Coalview

---

[2] The letter also asked Coalview to provide a reasonable date by which it would respond to the request for other information. (*Id*.) Coalview takes issue with the breadth of those requests (*id*. Ex. B), and TransAlta has offered to narrow the scope (*id*. Ex. C). This motion is limited solely to the specific requests for (1) financial statements from January 1, 2018 to the present; and, (2) information regarding Coalview's payment or nonpayment of its debts from January 1, 2018 to the present.

[3] TransAlta's custodians provided counsel with over 700,000 documents. As of this writing, TransAlta has reviewed nearly 200,000 of those. TransAlta's TAR technology has identified most of the remaining unreviewed documents as not responsive to Coalview's requests, but review is ongoing so that TransAlta can ensure a complete and accurate production in compliance with the Federal Rules. Any suggestion by Coalview that TransAlta is not complying with its discovery obligations is pure projection on Coalview's part.

TRANSALTA CENTRALIA MINING, LLC'S MOTION TO
COMPEL DISCOVERY RESPONSES - 3
No. 3:18-CV-05639-RBL

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

1  could wait until TransAlta had produced every last installment in this rolling production
2  process before producing a single document on its side.  (*See id.*)  Yet that is precisely the
3  position Coalview takes here to justify withholding even its recent financial statements.

4  Coalview also takes the position that it does not have to respond to the specific requests
5  for its recent financials and debts because TransAlta can get it from the website maintained by
6  the Washington Economic Development Finance Authority ("WEDFA").  (Yanick Decl. Ex.
7  B.)  But WEDFA does not publish information about payment of debts, and Coalview's
8  financials for the first quarter of 2019—which are overdue and should have been posted by
9  now—are still not available.  (*See* https://emma.msrb.org/IssueView/Details/ER359189, under
10 the heading "Continuing Disclosure.")  In any event, the burden of producing its financials is
11 virtually nonexistent—they are readily available to Coalview.  The fact that the information
12 might (if Coalview had timely provided it) be available publicly is no basis for refusing
13 TransAlta's narrow, targeted request.  To the contrary, "[t]he Federal Rules do not shield
14 publicly available documents from discovery merely because of their accessibility.  A
15 limitation of this nature would lead to patently absurd consequences." *Shatsky v. Syrian Arab*
16 *Republic*, 312 F.R.D. 219, 223–24 (D.D.C. 2015) (citing *United States v. Procter & Gamble*
17 *Co.*, 356 U.S. 677, 682 (1958)).

### III.   CONCLUSION

19 It has now been more than six months since TransAlta propounded its request for
20 financial discovery to Coalview.  Throughout most of this period, Coalview has insisted that it
21 is solvent and that it can prove that it is solvent.  Coalview has not only failed to provide any
22 evidence to support that claim but refuses even modest, targeted requests for such evidence.

23 For Coalview to have alleged that it was solvent as of the April 2, 2019 termination
24 date, it must have had a good-faith basis for doing so and evidence to support the allegation.
25 Why Coalview has resorted to patently untenable positions in order to hide this information is
26 therefore unclear.  But in any event, TransAlta must once again ask this Court's assistance in
27 getting Coalview to comply with its basic discovery obligations.

TRANSALTA CENTRALIA MINING, LLC'S MOTION TO
COMPEL DISCOVERY RESPONSES - 4
No. 3:18-CV-05639-RBL

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

Accordingly, TransAlta asks the Court to compel Coalview to promptly produce, as requested in its June 7, 2019 letter:  (1) financial statements covering the period from January 1, 2018 through May 2019, including quarterly reports through the first quarter of 2019, including audited statements where possible; and (2) documents sufficient to show all of Coalview's debts or other financial obligations due between January 1, 2018 and the present that (a) are currently unpaid or (b) were not paid when due, even if since paid.

Additionally, Coalview has again refused to provide discovery—necessitating this motion—on patently untenable grounds.  Accordingly, the Court should require Coalview to pay the "reasonable expenses incurred in making the motion, including attorneys' fees."  Fed. R. Civ. P. 37(a)(5).

DATED:  June 27, 2019.

**SAVITT BRUCE & WILLEY LLP**

By   *s/Miles A. Yanick*
Miles A. Yanick, WSBA #26603
Duncan E. Manville, WSBA #30304
Sarah Gohmann Bigelow, WSBA #43634
Jacob P. Freeman, WSBA #54123
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
Telephone: 206.749.0500
Facsimile:  206.749.0600
Email:   myanick@sbwLLP.com
    dmanville@sbwLLP.com
    sgohmannbigelow@sbwLLP.com
    jfreeman@sbwLLP.com

Attorneys for Defendants TransAlta Centralia Mining LLC and TransAlta Corporation

TRANSALTA CENTRALIA MINING, LLC'S MOTION TO COMPEL DISCOVERY RESPONSES - 5
No. 3:18-CV-05639-RBL

**SAVITT BRUCE & WILLEY LLP**
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document was filed electronically with the Court and thus served simultaneously upon all counsel of record, this 27th day of June, 2019.

_____
Rondi A. Greer

CERTIFICATE OF SERVICE
No. 3:18-CV-05639-RBL

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500