The Honorable Ronald B. Leighton

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| COALVIEW CENTRALIA, LLC, a Delaware limited liability company,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TRANSALTA CENTRALIA MINING LLC, a Washington limited liability company, and TRANSALTA CORPORATION, a Canadian corporation,<br><br>　　　　Defendants. | NO.   3:18-CV-05639-RBL<br><br>**TRANSALTA CENTRALIA MINING LLC'S OPPOSITION TO MOTION TO COMPEL PRODUCTION OF DOCUMENTS OUTSTANDING**<br><br>NOTE ON MOTION CALENDAR: JULY 12, 2019<br><br>ORAL ARGUMENT REQUESTED |

TRANSALTA CENTRALIA MINING LLC'S OPPOSITION TO MOTION TO COMPEL PRODUCTION OF DOCUMENTS OUTSTANDING
No. 3:18-CV-05639-RBL

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................. 1

II. STATEMENT OF FACTS ................................................................................................... 1

    A. Coalview's Prior Motion to Compel ........................................................................ 1

    B. Coalview's Failure to Agree on Methodology Prevented TransAlta from Commencing Review of the Documents until March 2019 ................................. 2

    C. TCM Has Worked Diligently and Made Substantial Progress on Document Production ............................................................................................... 3

    D. Coalview Has Refused or Failed to Produce a Single Document to Date ........... 4

III. ARGUMENT ......................................................................................................................... 5

    A. TransAlta's Delay in Production is Justifiable Under the Circumstances ......... 5

    B. An Award of Fees to Coalview Would be Unjust ................................................. 7

IV. CONCLUSION ..................................................................................................................... 8

TRANSALTA CENTRALIA MINING LLC'S OPPOSITION TO MOTION TO COMPEL - i
No. 3:18-CV-05639-RBL

**SAVITT BRUCE & WILLEY LLP**
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

## I.      INTRODUCTION

To date, TransAlta has produced more than 10,000 documents and is close to producing another approximately 9,000 from the 175+ GB of data gathered from its custodians over the next 6 weeks.  Coalview has not produced a single document and generally refuses to.  The time it has taken TransAlta to produce documents is the result of the scope and complexity of the production.  Coalview has meanwhile produced nothing and in fact (1) categorically objects to producing anything from before May 25, 2018 (while insisting that TransAlta hurry up and produce precisely what Coalview refuses to produce) and (2) refuses to produce anything before TransAlta's entire production is complete.

Coalview's recent motion to compel, like its initial motion to compel (*see* ECF No. 83) is both premature and unnecessary.  It is premature in that the parties have not reached an impasse, and it is unnecessary in that TransAlta's production will likely be complete—and would have been—before any judicial remedy Coalview seeks could be rendered.

Moreover, discovery does not close for almost two months under the present case schedule, and it is likely that—to accommodate Coalview's own discovery delays—the parties will move to continue the trial date and discovery deadline.

In light of these facts, TransAlta—unlike Coalview—is meeting its Rule 26 burden, and the Court's intervention is not required.  The Court should deny Coalview's Motion to Compel and, in any case, should not award attorneys' fees.

## II.      STATEMENT OF FACTS

Coalview's motion tells a one-sided story, neglecting to mention that many of its own decisions and actions have led to the parties' current circumstances vis-à-vis discovery and production of documents.

A.    **Coalview's Prior Motion to Compel**

Coalview promulgated its first set of requests for production on December 21, 2018.  Despite the holidays, and despite the pressure of the parties' then-active dispute over the payment of post-July-1-2018 invoices, TransAlta diligently responded to Coalview's discovery

TRANSALTA CENTRALIA MINING LLC'S OPPOSITION TO
MOTION TO COMPEL - 1
No. 3:18-CV-05639-RBL

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

requests within the required 30-day period, informing Coalview of its objections to Coalview's numerous and broad discovery requests, while committing to working with Coalview to produce all relevant and responsive documents in its possession.

Coalview filed its initial motion to compel less than three weeks after TransAlta served its initial responses.  (*See* ECF No. 83.)  The motion did not address the substance of what TransAlta had agreed to produce, instead primarily objecting to the form of the written responses.  Ignoring TransAlta's attempts to reach a workable production schedule, as well as the sheer volume of material at issue in this case and subject to Coalview's RFP's, Coalview sought to compel the immediate production of all responsive documents to all its discovery requests—86 of them at the time the motion was filed.  Coalview likewise sought its costs in bringing the motion.  After consideration, "Because Defendant [wa]s producing items in response to Plaintiff's requests, the parties continue[d] to discuss this production, and no substantive disputes in this motion remain[ed]," the Special Master recommended that the Court deny Coalview's motion to compel (ECF No. 106 at 3–4), which the Court did at the May 9 hearing (ECF No. 124).

The same is true today.  TransAlta is reviewing and producing documents on an ongoing basis, and there remains no "substantive dispute" over TransAlta's production. Coalview again seeks immediate production of "all responsive documents."  Nowhere in its motion does Coalview argue why, exactly, TransAlta's responses and productions to date are deficient.  Nor does Coalview renew its argument that TransAlta's objections are improper. Coalview merely demands that the court order TransAlta to work faster, and again seeks to make TransAlta pay Coalview for bringing an unnecessary and premature motion to compel.

**B.   Coalview's Failure to Agree on Methodology Prevented TransAlta from Commencing Review of the Documents until March 2019**

The agreed Order Regarding Discovery of Electronically Stored Information ["ESI Order"] states that "[t]he parties shall timely attempt to reach agreement on appropriate search terms, or an appropriate computer- or technology-aided methodology, before any [review of

TRANSALTA CENTRALIA MINING LLC'S OPPOSITION TO MOTION TO COMPEL - 2
No. 3:18-CV-05639-RBL

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

ESI] is undertaken." (ECF No. 88 at 7:16–18.)[1] Coalview initially refused to consent to TransAlta's proposed ESI methodology, as required by the agreed (but not yet approved) ESI Order. TransAlta had asked Coalview for input regarding an ESI order on January 22, 2019 and reiterated this request on February 1. (ECF No. 91 Ex. B.) It was not until February 22 that the parties eventually agreed to and submitted the proposed ESI Order. (ECF No. 88.) And it was not until March 7 that Coalview finally indicated its agreement to TransAlta's proposed ESI-review methodology (as required under the ESI Order). (*See* ECF No. 118-1 Ex. 2.) Before that time, any work to review and produce documents would have been subject to later objection by Coalview regarding the process; getting Coalview's agreement regarding the process was, as a practical matter, a prerequisite. Thus, the process to date has taken about four months, which is not unreasonable given the scope of the work.

**C.   TCM Has Worked Diligently and Made Substantial Progress on Document Production**

TCM made its first production on March 22, three weeks after Coalview eventually agreed on methodology pursuant to the ESI Order. This initial production included 4,661 documents. This was followed by a second production of 5,476 documents on April 26. Together, these productions amount to 33,862 pages of documents. (Decl. Miles A. Yanick Opp. Pl.'s Mot. Compel Production of Docs. Outstanding ("Yanick Decl.") ¶ 2.)

Since then, TransAlta has worked diligently to produce the rest. This is a significant undertaking, as TransAlta has agreed to respond to broad set of requests that span the entirety of the parties' decade-long relationship. To that end, TransAlta has gathered roughly 175GB in data—totaling nearly 6.5 million pages of documents—from 7 custodians, wholesale and without filtering. (*Id*. ¶ 3.) To date, TransAlta has devoted in excess of 2,400 attorney and paralegal hours to this project and is now nearly finished. (*Id*.) This is not a tactical decision or a ploy to delay the litigation—it would have been far preferable to get this project done more quickly and at less expense to TransAlta.

---

[1] Special Master David W. Christel recommended approval of the ESI Order on March 21, 2019 (ECF No. 102), but we believe the Court has yet to sign the order.

TRANSALTA CENTRALIA MINING LLC'S OPPOSITION TO
MOTION TO COMPEL - 3
No. 3:18-CV-05639-RBL

**SAVITT BRUCE & WILLEY LLP**
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

As it has stated in prior briefs, TransAlta is employing a state-of-the-art, machine-learning assisted document review methodology in this case. While this system is more accurate and thorough than traditional search-terms-based ESI doctrine, because it is dynamic it does not offer a straightforward means to estimate the total amount of time required to complete a review project.[2] Thus the volume of documents and complexity of the issues is only one factor in why TransAlta has revised its estimates of when production will be complete. This is why TransAlta stated in an April 4, 2019 email that it could not guarantee timing. (ECF No 118-1 Ex. 2.) That being said, TransAlta expects to make another significant production by July 26 and to substantially complete the production by August 19. (Yanick Decl. ¶ 4) This would have been the case regardless of Coalview's motion to compel—making this motion unnecessary.

**D.   Coalview Has Refused or Failed to Produce a Single Document to Date**

Meanwhile, TransAlta served its initial requests on Coalview back on January 7 of this year and has yet to receive a single document in response to TransAlta's requests for production. For all TransAlta knows, Coalview has not even started gathering documents, because Coalview's position has been that virtually none of what it is expecting TransAlta to produce is even discoverable. Specifically, Coalview has taken the position that anything before May 25, 2018 is out of bounds. (*See* ECF No. 129.) The Court today put an end to that argument (*see* ECF No. 151), but it is unclear whether Coalview is in a position to produce documents any time soon. Coalview's refusal to produce anything based on untenable and self-contradictory grounds is the primary reason for the delay in discovery and subsequent impact to the case schedule—not the timing of TransAlta's productions.

---

[2] Whereas under a traditional search-terms ESI protocol, a producing party can get an initial estimate of how many documents must be reviewed based on how many documents within the ESI corpus are responsive to the proponent's search terms, AI-assisted ESI protocols rely upon context and pattern recognition. Thus document review becomes an iterative process, with human reviewers assessing documents for relevance and privilege according to how likely those documents are to be responsive, based on the AI's predictions. Thus the universe of documents subject to manual review is not fixed, and will grow (or shrink) as the system learns. This fact makes it difficult to give a precise estimate of how long a review project will take, even if the total amount of time and total number of documents reviewed is less than under a traditional search-terms doctrine.

TRANSALTA CENTRALIA MINING LLC'S OPPOSITION TO
MOTION TO COMPEL - 4
No. 3:18-CV-05639-RBL

**SAVITT BRUCE & WILLEY LLP**
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

Coalview's motion accuses TransAlta of having "delayed Coalview's prosecution of this matter." (ECF No. 143 at 7.) But if there is any actual delay here, it is due to Coalview's own broad objections and its refusal to produce *anything* until TransAlta completes its own production.[3] This delay has now necessitated that the parties enter into negotiations to continue the trial date by seven months, in large part to allow Coalview to comply with its own discovery obligations. Indeed, it is not even clear today whether Coalview is reviewing documents in preparation for production, the scope of that review, or even what custodians Coalview is collecting documents from. (*See* Yanick Decl. Ex. A.)

### III. ARGUMENT

Putting aside Coalview's misconduct, TransAlta—unlike Coalview—agrees that it needs to produce, and that production has taken longer than expected. That said, TransAlta is nearly finished with its review and production, and this would have been the case without a motion to compel. Thus the motion was unnecessary, and there has been no bad faith or unjustified delay here. Accordingly, an award of attorneys' fees is not warranted.

**A.   TransAlta's Delay in Production is Justifiable Under the Circumstances**

The discovery Coalview seeks is broad and extensive, covering a decade of complex business interactions between sophisticated parties. To date it has put forth 116 individualized requests for production, covering every allegation and statement made in TransAlta's original complaint and counterclaim, as well as its amended complaint and counterclaim.

To comply with these requests, TransAlta has amassed a veritable trove of data into an ESI corpus containing nearly 730,000 documents. Even with the assistance of state-of-the art technology and a dedicated team of document-review attorneys, a comprehensive review of these documents was always going to be a months-long proposition. Throughout this process, TransAlta has been transparent about what it is doing, why, and where the process stands. This is in sharp contrast to the cases Coalview cites in its Motion to Compel. Unlike the nonmoving

---

[3] *See* TransAlta's pending motion to compel, ECF No. 145, at 3:8–14; ECF No. 147 Exs. B & C.

TRANSALTA CENTRALIA MINING LLC'S OPPOSITION TO
MOTION TO COMPEL - 5
No. 3:18-CV-05639-RBL

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

parties in those cases, TransAlta has met its discovery obligations and remained engaged and cooperative throughout the process.

For example, in *Melland v. Cornerstone Dental, PC, a Washington Corp.*, 2014 WL 12029282 (W.D. Wash. Jan. 8, 2014), the plaintiffs moved to compel production after the defendants *completely failed* to respond to the plaintiff's discovery requests. *Id.* at *1. Though it granted the request for an order compelling compliance with a limited subset of the plaintiff's requests for production, the court denied the plaintiff's motion for fees and allowed ten days for the defendant to complete production. *Id.* at *2.

Here, TransAlta has not been lax in meeting its obligations. TransAlta responded to Coalview's requests in a timely fashion and has since then produced documents to Coalview on a rolling basis.

*Cunningham v. Bank One*, 2006 WL 3361773 (W.D. Wash. Nov. 20, 2006), presents another case in which the nonmovant's conduct fell far below the standard maintained by TransAlta. There, the defendant moved to compel production after the plaintiff had failed to produce *any response* to a portion of the defendant's requests. Moreover, the plaintiff had failed to even respond to defendant's motion to compel. Observing that, per Local Rule CR 7(b)(2), "[i]f a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit," the court ordered immediate production documents responsive to the limited subset of requests for production at issue in the defendant's motion.

In contrast, Coalview seeks to compel immediate production in response to *all* of its requests for production, without limitation. And more importantly, TransAlta has already responded to all of Coalview's discovery requests, whether with a well-considered written objection or with the production of actual documents. Indeed, at this stage, because TransAlta is not structuring its production to address any of Coalview's requests before others, it is likely that TransAlta has produced at least some documents in response to each of Coalview's numerous requests.

TRANSALTA CENTRALIA MINING LLC'S OPPOSITION TO MOTION TO COMPEL - 6
No. 3:18-CV-05639-RBL

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

Finally, *U.S. for Use & Benefit of Lord Elec. Co., Inc. v. Titan Pac. Const. Corp.*, 637 F. Supp. 1556 (W.D. Wash. 1986), does not even involve a motion to compel. In that case, the defendant moved to disqualify the plaintiff's counsel on grounds that he had previously represented the defendant in a closely related matter. The court granted this motion. *Id.* at 1562. But, observing that the defendant had engaged in nearly *six years* of delaying tactics—tactics that had at one point necessitated that the plaintiff file a motion to compel—the court denied defendant's motion to disqualify the plaintiff's counsel's entire firm on grounds that it was a meritless attempt to delay the proceedings further. *Id.* at 1563. This case says nothing about whether the Court should grant a motion to compel or award fees. Regardless, nothing TransAlta could be accused of rises to the level of misconduct demonstrated by the defendant in *Titan Pacific*.

**B.    An Award of Fees to Coalview Would be Unjust**

Rule 37 does not allow a court to award fees incurred in bringing a motion to compel unless the nonmoving party's conduct *necessitates the motion*. Fed. R. Civ P. 37(a)(5)(A). Thus, Rule 37 does not support a fee award where the nonmoving party's delay in responding to discovery was substantially justified, or where other circumstances make an award of expenses unjust. *Id.*

As discussed above, TransAlta's delay is both justified and reasonable. Likewise, an award of fees to Coalview would be unjust. Coalview cannot simultaneously make extraordinary demands as to the scope of production while also making extraordinary demands about how quickly it gets what it wants. Common sense dictates that the more expansive a party's requests, the longer it will take for the opposing party to respond to those requests. To award fees under the present circumstances would reward Coalview for wasting TransAlta's time—and the Court's—with this motion while further delaying the production it seeks.

To compare this case with the cases cited by Coalview to argue that it is entitled to an award of fees: In *Plascencia v. Collins Asset Group, LLC*, 2019 WL 859222 (W.D. Wash. Feb. 22, 2019), the plaintiff moved to compel after several rounds of incomplete production, where

TRANSALTA CENTRALIA MINING LLC'S OPPOSITION TO MOTION TO COMPEL - 7
No. 3:18-CV-05639-RBL

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

the defendant failed to disclose the existence of or produce documents later revealed to be known to one of the defendant's witnesses. *Id.* at *2. The plaintiff initially pursued a joint motion to compel under Local Rule 37(a)(2), but the defendant refused to respond, necessitating a traditional Rule 37 motion. *Id.* at *2–3. This lack of responsiveness and cooperation was cited as being "particularly salient" by the court in its decision to award costs to the plaintiff. *Id.* at *3. And in *Athwal v. Nijjer*, 2018 WL 1156233, the court only awarded fees where defendant had delayed its production until past the close of discovery. *Id.* at *1, 8. Even so, the court granted defendants a full two weeks to comply with the court's order and complete its production.

In contrast, TransAlta has responded to every request for information Coalview has put forth, has not hidden the existence of relevant documents that it or its agents know to exist, and has not failed to reply to any of Coalview's discovery motions.[4]

Moreover, the discovery deadline is not until August 26. And as Coalview concedes, that deadline will need to be continued—not, as Coalview suggests, solely on account of TransAlta but also as the result of delays attributable to Coalview.[5] There is no reason to award Coalview attorneys' fees on a motion it did not need to bring.

### IV.   CONCLUSION

For the foregoing reasons, Coalview's Motion to Compel production of documents should be denied. Likewise, Coalview should receive no award of fees or costs in pursuing its unnecessary Motion to Compel.

---

[4] Had Coalview chosen to file a L.R. 37(a)(2) motion, TransAlta would have been happy to cooperate, as those motions allow both parties to state their objections and obtain joint relief from the Court.

[5] Given that Coalview has refused to produce anything while TransAlta has been engaged in the work of production, it is unclear how long it will take Coalview to produce documents now that the Court has finally rejected its primary (and frivolous) objection.

TRANSALTA CENTRALIA MINING LLC'S OPPOSITION TO MOTION TO COMPEL - 8
No. 3:18-CV-05639-RBL

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

DATED: July 8, 2019.

SAVITT BRUCE & WILLEY LLP


By   *s/Miles A. Yanick*
   Miles A. Yanick, WSBA #26603
   Duncan E. Manville, WSBA #30304
   Sarah Gohmann Bigelow, WSBA #43634
   Jacob P. Freeman, WSBA #54123
   1425 Fourth Avenue Suite 800
   Seattle, Washington  98101-2272
   Telephone:  206.749.0500
   Facsimile:   206.749.0600
   Email:   myanick@sbwLLP.com
         dmanville@sbwLLP.com
         sgohmannbigelow@sbwLLP.com
         jfreeman@sbwLLP.com

Attorneys for Defendants TransAlta Centralia Mining LLC and TransAlta Corporation

TRANSALTA CENTRALIA MINING LLC'S OPPOSITION TO MOTION TO COMPEL - 9
No. 3:18-CV-05639-RBL

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document was filed electronically with the Court and thus served simultaneously upon all counsel of record, this 8th day of July, 2019.

_____
Rondi A. Greer

CERTIFICATE OF SERVICE
No. 3:18-CV-05639-RBL

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500