The Honorable Ronald B. Leighton

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| COALVIEW CENTRALIA, LLC, a Delaware limited liability company,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>TRANSALTA CENTRALIA MINING LLC, a Washington limited liability company, and TRANSALTA CORPORATION, a Canadian corporation,<br><br>　　　　Defendants. | NO.　3:18-CV-05639-RBL<br><br>**TRANSALTA CENTRALIA MINING, LLC'S MOTION FOR RECONSIDERATION RE MOTION TO COMPEL DISCOVERY RESPONSES**<br><br>NOTE ON MOTION CALENDAR:<br><br>THURSDAY, JULY 18, 2019 |

TRANSALTA CENTRALIA MINING, LLC'S MOTION FOR RECONSIDERATION
No. 3:18-CV-05639-RBL

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

Pursuant to LCR 7(h), TransAlta asks the Court to reconsider its order denying TransAlta's motion to compel (ECF No. 156, denying ECF No. 145). The Court's conclusion that "the request for financial information beyond publicly available information is burdensome" indicates that the Court may have overlooked or misapprehended certain facts regarding (1) the narrow scope of TransAlta's motion, (2) the absence of certain information, and (3) the practical impact of the Court's ruling on the efficient resolution of this case.

## I.     FACTS

### A.     Scope of Discovery

Despite Coalview's efforts to block such discovery, TransAlta has obtained (unaudited) financial statements that Coalview filed with the Washington Economic Development Finance Authority ("WEDFA"). The statements only cover the period ending December 31, 2018, and they are unaudited.[1] The unaudited 2018 financials show that Coalview was insolvent at the end of last year. (ECF No. 130 Ex. A.)

On December 29, 2018, Coalview's dredge sank. (ECF No. 135 Ex. H.) The federal Mine Safety and Health Administration promptly shut down Coalview's operation and has not allowed Coalview to return to work. (ECF No. 130 Ex. F.) Thus, Coalview has earned no operating revenue in 2019.

Accordingly, TransAlta declared an Event of Default on March 29, 2019 under § 11.02(c) of the Master Services Agreement ("MSA"), which provides that Coalview is in default when it "becomes … insolvent, or … is unable to pay its debts as they fall due or, if able, fails to do so." (ECF No. 4 Ex. G.) Although TransAlta's notice of default became effective on April 3, 2019, TransAlta advised Coalview that it was willing to consider evidence of Coalview's solvency, requesting that "[i]f Coalview takes the position that it is not in default, please provide financial statements confirming this." (ECF No. 135 Ex. I (letter enclosed as Ex. A).)

---

[1] *See* https://emma.msrb.org/ES1246909-ES974864-ES1375971.pdf

TRANSALTA CENTRALIA MINING, LLC'S MOTION FOR
RECONSIDERATION - 1
No. 3:18-CV-05639-RBL

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

Since then, Coalview has denied that an Event of Default occurred but has declined to substantiate its position with any documents. (*See* ECF No 130 Exs. B and D.) Instead, Coalview filed an amended complaint, reiterating its conclusory allegations and seeking declaratory relief "regarding whether TransAlta may terminate the MSA because of Coalview's claimed 'insolvency or inability to pay debts.'" (*Id.* ¶ 117; *see also id*. ¶¶ 41, 44, 45, 119, 120.) Thus, the issues on which Coalview seeks a declaratory judgment from this Court include: (1) whether Coalview's liabilities exceeded its assets as of March 29, 2019; and (2) whether Coalview was able to pay its debts when due as of March 29, 2019.

### B. Narrow Scope of Discovery Requests at Issue

As soon as Coalview filed its amended complaint, TransAlta requested basic, easily accessible information about Coalview's financial condition—specifically: (1) financial statements (that is, balance sheets, and income and cash-flow statements) for 2018 and year-to-date in 2019 and (2) information *sufficient to show* Coalview's unpaid debts during this time period. (ECF No. 147 Ex. A.) TransAlta's motion to compel concerns *only* these documents. (ECF No. 145, at 5:2–6.)

Coalview's objection that TransAlta seeks "unfettered access to all of Coalview's finances and all related documents for all time" (ECF No. 153, at 3:11) thus plainly misrepresents the motion to compel. So too does Coalview's suggestion that granting the motion would "require[e] Coalview to review every invoice or bill" from January 1, 2018 to the present. (*Id.* at 7:5.) Assuming Coalview is following generally accepted business and accounting practices, it already has the requested financials and a general ledger for 2018 and 2019. If Coalview's general ledger is up-to-date and accurate, it should be "sufficient to show" Coalview's unpaid debts in 2018 and 2019, and Coalview should be able to produce it and the requested financials in—literally—a matter of minutes.

### C. Information Not Publicly Available

To be clear, TransAlta has no audited financial records for Coalview for 2018, and no financial records of any kind for Coalview for 2019. Under section 8.02 of its loan agreement

TRANSALTA CENTRALIA MINING, LLC'S MOTION FOR RECONSIDERATION - 2
No. 3:18-CV-05639-RBL

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

with WEDFA, Coalview was required to have submitted audited financials for 2018 and unaudited financials for Q1 2019 by May 15, 2019 (ECF No. 4 Ex. B), but it does not appear to have done so.[2]  Thus, not only is Coalview refusing to produce relevant documents in discovery, it is also effectively denying TransAlta access to what should be publicly available information.

Moreover, the financials that Coalview has filed with WEDFA lack detail regarding Coalview's payment (or nonpayment) of debts.  It is reasonable to infer that Coalview is not paying its debts as they fall due.  For example, U.S. Bank, the trustee for Coalview's bondholders, recently declared Coalview in default under its loan agreements for failure to maintain the required debt-service ratio.  (Decl. Miles A. Yanick Supp. Mot. Reconsideration ("Yanick Decl.") Ex. A.)  But TransAlta has no access to the evidence showing Coalview's actual payment or non-payment of debts.

**D.    Undue Prejudice in Resolving Claims**

TransAlta plans to file, as quickly as possible, a motion for summary judgment regarding Coalview's default and TransAlta's right to terminate the MSA.  Confirmation that the MSA is terminated will drive other decisions and narrow or eliminate other issues in dispute.  TransAlta will argue in its motion that, based on the undisputed facts, Coalview was insolvent on March 29, 2019 under one or more of the definitions in § 11.02(c) of the MSA.

Allowing Coalview to oppose a summary-judgment motion with evidence that it withheld from discovery would obviously prejudice TransAlta.  Alternatively, Coalview might argue failure by TransAlta to establish the absence of a genuine issue of fact because TransAlta cannot present the evidence it now seeks; allowing that argument would be equally prejudicial. But whether on summary judgment or at trial, the factual dispute that *Coalview* alleges to exist regarding its assets, liabilities, and ability to pay debts as of March 29, 2019 will have to be resolved.  It is inconceivable that, in resolving that dispute, Coalview will not eventually seek to rely on—or point to the absence of—the very information it is withholding now and which is

---

[2] *See* https://emma.msrb.org/IssueView/Details/ER359189 under "Continuing Disclosure."

TRANSALTA CENTRALIA MINING, LLC'S MOTION FOR RECONSIDERATION - 3
No. 3:18-CV-05639-RBL

**SAVITT BRUCE & WILLEY LLP**
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

not publicly available.  Allowing Coalview to game the system in this fashion would be exceedingly unfair to TransAlta.[3]

## II.   ARGUMENT AND AUTHORITY

Discovery serves the fundamental purposes of "narrow[ing] and clarify[ing] the basic issues between the parties," and allowing the parties to "ascertain[ ] the facts, or information as to the existence or whereabouts of facts, relative to those issues." *Hickman v. Taylor*, 329 U.S. 495, 501 (1947).  Discovery is supposed to "make a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *United States v. The Procter & Gamble Company*, 356 U.S. 677, 682 (1958).

There is no dispute that TransAlta seeks information relevant to Coalview's declaratory-judgment claim and to TransAlta's defense that it was entitled to terminate the MSA on March 29, 2019.  As the party resisting discovery, Coalview bears the heavy burden of demonstrating why such discovery should be denied. *Blankenship v. The Hearst Corp.*, 519 F.2d 418, 419 (9th Cir. 1975); *Shaw v. Experian Info. Sols., Inc.*, 306 F.R.D. 293, 301 (S.D. Cal. 2015).  Coalview cannot meet this burden by mischaracterizing TransAlta's motion and contending that producing records TransAlta has not asked for would be unduly burdensome.  Rather, the proper inquiry is whether the discovery that is actually the subject of TransAlta's motion is "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).  Plainly, Coalview's financial statements for 2018 and 2019 (audited, if they are available) and documents sufficient to show Coalview's unpaid debts and financial obligations during this time period—a handful of documents that should already exist, assuming Coalview has not mismanaged its financial recordkeeping—are proportional to this multi-million-dollar commercial dispute.

---

[3] We also note that Coalview is already using the Court's order denying TransAlta's motion to compel as grounds for resisting all discovery requests regarding its balance-sheet and cash solvency.  Thus, Coalview has objected to producing **any** financial information in response to a second set of request for production expressly directed at Coalview's own contentions in its amended complaint.  (*See* Yanick Decl. Ex. B, Requests No. 31, 35; Interrogatory No. 11.)  In other words, the order denying the motion to compel has had the effect of allowing Coalview to freely assert in its pleadings—and ask the Court to enter declaratory judgment—that it is solvent without having to lift a finger to actually prove it or allow TransAlta to fully investigate.

TRANSALTA CENTRALIA MINING, LLC'S MOTION FOR RECONSIDERATION - 4
No. 3:18-CV-05639-RBL

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

That TransAlta has been able to obtain *some* publicly available financial information does not relieve Coalview of its obligation to produce other critical documents that are not publicly available. *Friends of the Earth v. Phibro Energy, Inc.*, 85 F.3d 621 (5th Cir. 1996), provides a compelling parallel. There, the defendant had to make certain public disclosures regarding its compliance with EPA regulations. The plaintiff moved to compel production of more thorough documentation, and the defendant moved for summary judgment on its claim that it was not in violation of the regulations. The district court entered summary judgment for the defendant. *Id.* at *4. The Fifth Circuit reversed, finding that the district court had abused its discretion by allowing the defendant to withhold evidence that was "clearly germane" to the summary-judgment determination. *Id.*; *see also Scott & Fetzer Co. v. Dile*, 643 F.2d 670, 673–4 (9th Cir. 1981) (district court abused discretion by allowing admission of evidence not disclosed in discovery); *Cohen v. Hansen*, 2014 WL 1873968, at *3 (D. Nev. May 8, 2014) (sanctioning plaintiff and barring admission of evidence where plaintiff refused to disclose evidence during discovery).

Rather than addressing these basic principles, Coalview attempts to distort the relevant issues. For example, Coalview argues in opposition to TransAlta's motion to compel that "whether Coalview was late paying a vendor has no relevance to TCM's purported claim of insolvency." (ECF 153, at 7:3–4.) But Coalview's tardiness in paying its vendors is unquestionably relevant to whether Coalview was or is "unable to pay its debts *as they fall due* or, if able, fails to do so." (Emphasis added.)

Similarly, Coalview argues that its solvency is only "at issue for a discrete and limited period of time relating to the last quarter of 2018." (*Id.* at 5:8–9.) But this is incorrect. TransAlta drew inferences from Coalview's unaudited 2018 financials because those documents were what TransAlta had to work with. But TransAlta's notice of default was as of March 29, 2019, and TransAlta presently has none of Coalview's financial records for this year.

TRANSALTA CENTRALIA MINING, LLC'S MOTION FOR RECONSIDERATION - 5
No. 3:18-CV-05639-RBL

**SAVITT BRUCE & WILLEY LLP**
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

Coalview further argues that "TCM's request for financial information prior to the fourth quarter of 2018 and after TCM's March 29 Termination Letter are [sic] not relevant to the claimed default by TCM." (*Id.* at 6:18–20.)  Again, this is incorrect.  TransAlta needs more than a fleeting snapshot of Coalview's activities.  For example, records for Q4 2018 will show payments—and probably nonpayment—of invoices issued in prior months, and records for Q2 2019 will show payments—and probably nonpayment—of invoices that Coalview received in Q1 2019.  And on a more general level, invoice and payment records for 2018 and Q2 2019 are likely to show an ongoing pattern of cash insolvency, which could rebut an argument by Coalview that any nonpayment of debts in Q4 2018 or Q1 2019 was de minimis and temporary.

As noted above, Coalview should be able to meet its discovery obligations by producing financial statements (audited if available) and an up-to-date and accurate general ledger for 2018 and 2019.  If Coalview does not have a general ledger, it should be required to produce other sufficient documentation, and should not be allowed to use its own mismanagement of its financial records as the basis for avoiding discovery about its financial condition.  *See Residential Constructors, LLC v. Ace Prop. & Cas. Ins. Co.*, 2006 WL 3149362, at *9 (D. Nev. Nov. 1, 2006) (court should consider whether alleged burdensomeness is result of party's lack of adequate filing system or method for locating requested information).

### III.   CONCLUSION

Although Coalview has repeatedly denied that it was insolvent as of March 29, 2019 and has asked this Court to enter a judgment so holding, Coalview has steadfastly refused to provide support for its position, and now vehemently opposes a modest motion to compel production of utterly basic financial information.  These efforts demonstrate that TransAlta's allegation of Coalview's insolvency was anything but "contrived."  (ECF No. 153 at 2:15.)  If Coalview is going to persist in denying what appears to be obvious, it should be required to provide the information needed to verify or rebut its position.  TransAlta accordingly requests that the Court order Coalview to produce the documents that TransAlta has requested.

TRANSALTA CENTRALIA MINING, LLC'S MOTION FOR
RECONSIDERATION - 6
No. 3:18-CV-05639-RBL

**SAVITT BRUCE & WILLEY LLP**
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

DATED: July 18, 2019.

**SAVITT BRUCE & WILLEY LLP**

By   *s/Miles A. Yanick*
    Miles A. Yanick, WSBA #26603
    Duncan E. Manville, WSBA #30304
    Sarah Gohmann Bigelow, WSBA #43634
    Jacob P. Freeman, WSBA #54123
    1425 Fourth Avenue Suite 800
    Seattle, Washington  98101-2272
    Telephone: 206.749.0500
    Facsimile:  206.749.0600
    Email:   myanick@sbwLLP.com
             dmanville@sbwLLP.com
             sgohmannbigelow@sbwLLP.com
             jfreeman@sbwLLP.com

Attorneys for Defendants TransAlta Centralia Mining LLC and TransAlta Corporation

TRANSALTA CENTRALIA MINING, LLC'S MOTION FOR RECONSIDERATION - 7
No. 3:18-CV-05639-RBL

**SAVITT BRUCE & WILLEY LLP**
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing document was filed electronically with the Court and thus served simultaneously upon all counsel of record, this 18th day of July, 2019.

_____
Rondi A. Greer

CERTIFICATE OF SERVICE
No. 3:18-CV-05639-RBL

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500