THE HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| COALVIEW CENTRALIA, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>TRANSALTA CENTRALIA MINING LLC, a Washington limited liability company, and TRANSALTA CORPORATION, a Canadian corporation,<br><br>Defendants. | NO. 3:18-cv-05639<br><br>PLAINTIFF'S ALTERNATIVE RULE 56(d) MOTION REGARDING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT<br><br>NOTE ON MOTION CALENDAR:<br><br>NOVEMBER 1, 2019[1] |

Plaintiff, COALVIEW CENTRALIA, LLC ("**Coalview**"), through undersigned counsel, and pursuant to Fed. R. Civ. 56(d), hereby files this Alternative Rule 56(d) Motion Regarding Defendant, TRANSALTA CENTRALIA MINING LLC's ("**TCM**"), Motion for Partial Summary Judgment Regarding Termination (D.E. 179, the "**MSJ**").[2]

---

[1] However, Coalview respectfully requests that the Court take this motion into consideration when ruling upon TCM's Motion for Summary Judgment, which is set for hearing on October 16, 2019. D.E. 212 (Notice of Rescheduled Hearing).

[2] TCM's MSJ was filed under seal.

[PLAINTIFF'S ALTERNATIVE RULE 56(D) MOTION] - 1

GARVEY SCHUBERT BARER, P.C.
eighteenth floor
1191 second avenue
seattle, washington 98101-2939
206 464 3939

## INTRODUCTION

While, as set forth in detail in Coalview's Opposition (D.E. 202) to the MSJ, Coalview maintains that TCM's MSJ should be denied on the merits due to the existence of a multitude of genuine issues of material fact, as well as TCM's inconsistent representations made to this Court vis-à-vis to the government; however, in the alternative, Coalview files this motion requesting that, if the Court is not inclined to deny the MSJ on any of those bases, it should deny, or defer ruling on, the MSJ pursuant to Rule 56(d). While Coalview made a request, in the alternative, under Rule 56(d) in its Opposition to the MSJ, D.E. 202, n.33, Coalview files this motion in light of the Court's recent order requiring TCM to produce documents responsive to its Second Request for Production by October 12, 2019 (D.E. 213, Order Granting Motion to Compel), TCM's motion filed on October 10, 2019 seeking relief from that Court-ordered deadline (D.E. 216), and to provide the Court with additional information regarding Coalview's need for additional discovery prior to any adverse ruling on the matters at issue in TCM's MSJ.

## ARGUMENT AND AUTHORITIES

### I.  Rule 56(d) Standard

Federal Rule of Civil Procedure 56(d) provides that:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> **(1)** defer considering the motion or deny it;
> **(2)** allow time to obtain affidavits or declarations or to take discovery; or
> **(3)** issue any other appropriate order.

Fed. R. Civ. P. 56(d). Rule 56(d) "provides a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence." *Tarutis v. Wal-Mart*

[PLAINTIFF'S ALTERNATIVE RULE 56(D) MOTION] - 2

GARVEY SCHUBERT BARER, P.C.
eighteenth floor
1191 second avenue
seattle, washington 98101-2939
206 464 3939

*Stores, Inc.,* No. C12-5076-RJB, 2013 WL 247710, *2 (W.D. Wash. Jan. 23, 2013) (denying motion for summary judgment without prejudice under Rule 56(d)). "The primary purpose of Rule 56(d) is to ensure that parties have a reasonable opportunity to prepare their case and to ensure against a premature grant of summary judgment." *Id.* A Rule 56(d) "continuance of a motion for summary judgment for purposes of conducting discovery should be granted almost as a matter of course unless the non-moving party has not diligently pursued discovery of evidence." *Id.* (citing *Burlington N. Santa Fe R.R. v. The Assiniboine & Sioux Tribes of the Ft. Peck Reservation*, 323 F.3d 767, 773-74 (9th Cir. 2003)).

"The cases construing Rule 56(f) suggest that the denial of a Rule 56(f) application is generally disfavored where the party opposing summary judgment makes (a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists. Summary denial is especially inappropriate where the material sought is also the subject of outstanding discovery requests." *VISA Intern. Serv. Ass'n v. Bankcard Holders of Am.,* 784 F.2d 1472, 1475 (9th Cir. 1986) (reversing summary judgment and finding abuse of discretion where district court denied prior and substantially similar rule Rule 56(f) motion); *see also Metabolife Int'l v. Womick*, 264 F.3d 832, 846 (9th Cir. 2001) ("Although Rule [56(d)] facially gives judges the discretion to disallow discovery when the non-moving party cannot yet submit evidence supporting its opposition, the Supreme Court has restated the rule as requiring, rather than merely permitting, discovery 'where the non-moving party has not had the opportunity to discover information that is essential to its opposition'") (*quoting Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 250 n.5, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986)). Moreover, a Rule 56(d) "request [is] timely if

[PLAINTIFF'S ALTERNATIVE RULE 56(D) MOTION] - 3

GARVEY SCHUBERT BARER, P.C.
eighteenth floor
1191 second avenue
seattle, washington 98101-2939
206 464 3939

made prior to the summary judgment hearing." *IVC Highlands TT, LLC v. DirectBuy, Inc.*, C16-327RAJ, 2016 WL 3690127, at *2 (W.D. Wash. July 12, 2016) (granting Rule 56(d) motion and denying motion for summary judgment without prejudice) (citing *Ashton-Tate Corp. v. Ross*, 916 F.2d 516, 520 (9th Cir. 1990)). Here, Coalview easily satisfies the Rule 56(d) standard.

## II. The Court Should Deny TCM's Motion for Summary Judgment or Defer Consideration So That Relevant Discovery Can Occur.

TCM's MSJ seeks an order finding that TCM's attempted termination of the parties' Master Services Agreement based on Coalview's purported (and disputed) insolvency was valid, and "dismissing [Coalview's] force-majeure defense." D.E. 179 (TCM's MSJ) at 24. On June 14, 2019, Coalview served its Second Request for Production, seeking four specific categories of documents indisputably relevant to the matters at issue in TCM's MSJ, simplified as follows: (1) TCM's efforts to repudiate or exit the parties' agreements (Requests 1-5); (2) Coalview's force majeure assertion (relating to the December 2018 dredging incident and subsequent government investigation and K Order) (Requests 6-9); (3) TCM's claim that Coalview is insolvent (Request 10); and (4) Documents supporting TCM's allegations in its Amended Counterclaim (Requests 11-29). *See* Declaration of Steve I. Silverman ("**Silverman Dec.**"), filed contemporaneously hereto, ¶4. In response, TCM raised a host of baseless objections to these indisputably relevant requests, and refused to produce *any* responsive documents. *Id.*, ¶5. Accordingly, Coalview was forced to file a Motion to Compel (D.E. 197). *Id.*, ¶6. On October 2, 2019, the Court granted Coalview's Motion to Compel, ordering TCM to produce all non-privileged documents responsive to Coalview's Second Request for Production within ten days. D.E. 213 at 1. *Id.*, ¶7. To date, TCM has not produced any additional

[PLAINTIFF'S ALTERNATIVE RULE 56(D) MOTION] - 4

GARVEY SCHUBERT BARER, P.C.
eighteenth floor
1191 second avenue
seattle, washington 98101-2939
206 464 3939

documents pursuant to the October 2, 2019 Order. *Id.*, ¶8. Moreover, TCM seeks to further delay production of these relevant documents by filing, on October 10, 2019, a Motion for Relief from the Court-ordered deadline, D.E. 216, which motion, in reality, is a veiled motion for reconsideration of the Order granting Coalview's Motion to Compel. Thus, TCM refuses to produce prior to the October 16 hearing the documents that the Court ordered TCM to produce prior to the hearing, creating further reason to grant Coalview's Rule 56(d) request.

Additionally, as set forth in Coalview's Opposition to the MSJ, on December 29, 2019, MSHA issued a control order (Section 103(k) of the Mine Safety and Health Act of 1977) (the "**K Order**"), prohibiting all mining and related activity at Pond 3C until further order from MSHA. D.E. 200 (Declaration of Roger Fish in Opposition to TCM's MSJ and in Support of Coalview's Second Injunction Motion) ("**Fish Dec**."), ¶13. As a result of the K Order, Coalview was unable to operate for months, and Coalview was prohibited from access to the site in order to perform its own investigation of the incident. *Id.* Now that the K Order has recently been lifted, Coalview is able to thoroughly investigate the underlying incident. *Id.*, ¶20.[3] Moreover, MSHA only recently concluded its investigation and published its findings online on or about September 4, 2019, listing approximately 46 people involved in the investigation, 7 of which were TCM employees, and 11 of which were MSHA employees. Silverman Dec., ¶9. Coalview disagrees vehemently with MSHA's findings relating to the underlying incident, and anticipates that its investigation will provide further evidence to rebut MSHA's findings and further demonstrate that the force majeure was not reasonably within

---

[3] In its Reply in support of its MSJ, TCM states that "Coalview has had nine months to come up with any evidence that the dredge sank for some reason other than those identified in the MSHA report." D.E. 203 at 14. However, for the reasons set forth herein regarding the K Order prohibiting Coalview from accessing the site, the claim by TCM is without any merit.

[PLAINTIFF'S ALTERNATIVE RULE 56(D) MOTION] - 5

GARVEY SCHUBERT BARER, P.C.
eighteenth floor
1191 second avenue
seattle, washington 98101-2939
206 464 3939

Coalview's control and not the fault of Coalview. Fish Dec., ¶20. Moreover, to date, Coalview has not had an opportunity to notice for deposition or subpoena any of the non-Coalview employees identified in MSHA's report. Silverman Dec., ¶10.

Furthermore, counsel for the parties have been working together with the intention of soon submitting to the Court a stipulated motion seeking to continue the trial date, with a proposed continued trial date in early to mid 2020. Silverman Dec., ¶11. Due to TCM's delays and failures to produce documents responsive to Coalview's discovery requests, as well as the parties' intending to seek a continuance of the trial, to date, no depositions have been taken by either party, including regarding the merits of TCM's MSJ. Silverman Dec., ¶12.

Accordingly, TCM has moved for summary judgment before Coalview has been permitted an opportunity to conduct sufficient discovery regarding the matters at issue in TCM's MSJ. Without the discovery set forth herein, Coalview cannot present facts essential to justify its opposition to the MSJ, including, without limitation, with respect to force majeure and solvency. These are critical issues in this case for which Coalview should be permitted discovery (and for which the Court has ordered discovery from TCM) prior to any adverse judgment being entered in TCM's favor on its MSJ (although, again, Coalview maintains that the MSJ should be denied on the merits on the present record).[4] As demonstrated above, this is not an instance where Coalview is guilty of any delay. Accordingly, Coalview respectfully requests that, if the Court is not inclined to deny TCM's MSJ on the merits for the reasons set forth in its Opposition to the MSJ, that, alternatively, the MSJ be denied or held in abeyance, at least until Coalview is able to conduct sufficient discovery regarding the matters at issue

---

[4] Conversely, Coalview's Motion for Summary Judgment (D.E. 157) presents a purely legal issue regarding the interpretation of the parties' contracts, for which no additional discovery is needed (nor requested by TCM).

[PLAINTIFF'S ALTERNATIVE RULE 56(D) MOTION] - 6

GARVEY SCHUBERT BARER, P.C.
eighteenth floor
1191 second avenue
seattle, washington 98101-2939
206 464 3939

therein, including, without limitation, obtaining the documents ordered to be produced by the Court in its October 2, 2019 Order (which TCM has now further delayed), and subpoenaing and/or taking the deposition of various witnesses involved in MHSA's investigation or who otherwise have knowledge regarding the matters set forth in TCM's MSJ, including force majeure and solvency.[5]

WHEREFORE, for the foregoing reasons, Coalview, in the alternative to requesting that the Court deny TCM's MSJ on the merits, respectfully requests that the Court deny or defer ruling on TCM's MSJ pursuant to Rule 56(d) and grant such other and further relief for Coalview as this Court deems just and appropriate.

DATED this 11th day of October 2019.

        KLUGER, KAPLAN, SILVERMAN, KATZEN & LEVINE, P.L.

By  *s/Steve I. Silverman*
    Steve I. Silverman, Fla. Bar No. 516831
    Philippe Lieberman, Fla. Bar No. 27146
    Miami Center, 27th Floor
    201 South Biscayne Boulevard
    Miami, FL  33131
    Telephone:  (305) 379-9000
    Fax:  (305) 379-3428
    Email:  ssilverman@klugerkaplan.com
    Email:  plieberman@klugerkaplan.com
    *Attorneys for Plaintiff*
    *(Admitted Pro Hac Vice)*

---

[5] Indeed, to date, Coalview has not had an opportunity to take the deposition of TCM's expert witness, Lorraine Barrick, whom TCM relies upon extensively in its MSJ.

[PLAINTIFF'S ALTERNATIVE RULE 56(D) MOTION] - 7

GARVEY SCHUBERT BARER, P.C.
eighteenth floor
1191 second avenue
seattle, washington 98101-2939
206 464 3939

GARVEY SCHUBERT BARER, P.C.

By *s/David R. West*
David R. West, WSBA #13680
By *s/Daniel J. Vecchio*
Daniel J. Vecchio, WSBA #44632
1191 Second Avenue, 18th Floor
Seattle, WA 98101
Telephone: (206) 464-3939
Fax: (206) 464-0125
Email: drwest@gsblaw.com
Email: dvecchio@gsblaw.com
*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 11, 2019, I electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF system which will send notification of this filing to all parties registered to receive such notice.

*s/ Steve I. Silverman*
Steve I. Silverman
*ssilverman@klugerkaplan.com*

[PLAINTIFF'S ALTERNATIVE RULE 56(D) MOTION] - 8

GARVEY SCHUBERT BARER, P.C.
eighteenth floor
1191 second avenue
seattle, washington 98101-2939
206 464 3939