1  HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| COALVIEW CENTRALIA, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br>v.<br><br>TRANSALTA CENTRALIA MINING LLC, a Washington limited liability company, and TRANSALTA CORPORATION, a Canadian corporation,<br><br>Defendant. | CASE NO. 3:18-cv-05639-RBL<br><br>ORDER ON DEFENDANT'S MOTION FOR RECONSIDERATION |

THIS MATTER is before the Court on Defendant Transalta's Motion for Reconsideration [Dkt. # 231] of the Court's prior Order Granting Plaintiff Coalview's Rule 56(d) Motion to Defer Consideration of Transalta's Motion for Summary Judgment [Dkt. # 227]. The Court granted Coalview's Rule 56(d) Motion largely to give Coalview more time to investigate the cause of the accident in which its dredge sank, killing one of Coalview's workers and delaying the project. Hearing Transcript, Dkt. # 232, Ex. B, at 8, 15. Transalta now requests that the Court reconsider its decision to defer summary judgment in light of additional evidence.

Under Local Rule 7(h)(1), motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence. The term "manifest error" is "an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." Black's Law Dictionary 622 (9th ed. 2009). Motions for reconsideration must be filed within 14 days of the challenged order.

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). Neither the Local Civil Rules nor the Federal Rule of Civil Procedure, which allow for a motion for reconsideration, is intended to provide litigants with a second bite at the apple. A motion for reconsideration should not be used to ask a court to rethink what the court had already thought through — rightly or wrongly. *Defenders of Wildlife v. Browner*, 909 F.Supp. 1342, 1351 (D. Ariz. 1995). Mere disagreement with a previous order is an insufficient basis for reconsideration, and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision. *Haw. Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

1    In support of its Rule 56(d) Motion, Coalview argued that it had been prohibited by the
2    Mine Safety and Health Administration from thoroughly investigating the dredge and that further
3    inspection would uncover that the accident was the result of a force-majeure weather event. Dkt.
4    # 217 at 5. Transalta now argues that new evidence shows that Coalview has already investigated
5    the accident and was not significantly restricted by MSHA. *See* Coalview Investigation Report to
6    MSHA, Dkt. # 232, Ex. A. Coalview's report found it likely that a slack cable, not a sudden
7    weather event, caused the accident. The report was produced on November 4, several weeks after
8    the Court's October 16 Order. Dkt. Yanick Decl., Dkt. # 232, at 1. Transalta further argues that
9    an October 16 email from Coalview reveals that Coalview has salvaged the dredge, potentially
10   contradicting the argument that an investigation was forthcoming. Dkt. # 232, Ex. B.

11   In opposition, Coalview contends that the inspection allowed by MSHA prohibited it
12   from doing any destructive testing of the dredge or altering it in any way. Dkt. # 236 at 9-10.
13   And although Coalview has salvaged the dredge, it performed tests before doing so and is
14   awaiting results from an expert. *Id.* at 10. Coalview also makes some more dubious arguments,
15   claiming, for example, that Transalta's own investigation identified the weather as a primary
16   factor for the accident. But rather than citing Transalta's actual report [Dkt. # 241, Ex. A],
17   Coalview cites a page of preliminary notes [Dkt. # 238, Ex. A] that identify numerous other
18   failings by Coalview as main factors for the accident before the weather is mentioned. Coalview
19   also tries to avoid the damaging fact that its own report, which was not considered during the
20   summary judgment proceedings, identifies human error rather than weather as the main reason
21   for the accident.

22   The Court agrees with Transalta that Coalview's report raises new facts that would have
23   been relevant to the summary judgment proceedings in October, 2019. However, this is not

enough to warrant reconsideration. First, Coalview filed its Motion for Reconsideration far past the 14-day deadlines (although it would admittedly have been impossible to meet that deadline precisely because of the date that Coalview produced the report). Second, although it appears that Coalview had more of an opportunity to investigate the accident than it let on, the investigation permitted by MSHA still did not permit Coalview to disassemble the dredge or significantly alter the accident site. Dkt. # 242, Ex. C. Coalview may still have investigatory steps that it was unable to take during the MSHA-sanctioned inspection. Finally, Transalta's Motion does not address the other depositions and discovery Coalview seeks to support its claims and defenses. See Dkt. # 236 at 12-16. This case involves bet-the-company issues that are very weighty for both sides, and the Court will not reconsider its decision to grant Coalview's Rule 56(d) Motion. Transalta's Motion is DENIED.

IT IS SO ORDERED.

Dated this 29th day of January, 2020.

	Ronald B. Leighton
	United States District Judge

ORDER ON DEFENDANT'S MOTION FOR
RECONSIDERATION - 4