UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| COALVIEW CENTRALIA, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>TRANSALTA CENTRALIA MINING LLC, a Washington limited liability company, and TRANSALTA CORPORATION, a Canadian corporation,<br><br>Defendants. | Case No. C18-5639-RSM<br><br>ORDER DENYING MOTION TO AMEND ANSWER AND TO ADD COUNTERCLAIM |

This matter comes before the Court on TransAlta Centralia Mining LLC ("TransAlta" or "TCM")'s Motion for Leave to File Supplemental Answer and Counterclaim. Dkt. #335. Plaintiff Coalview Centralia, LLC ("Coalview") opposes. Dkt. #339.

The Court will not recount the complex background and procedural history of this case, which is apparently hotly disputed. Instead, the Court will focus on those limited facts showing the diligence of the moving party. This case began on August 8, 2018. Dkt. #1. The pleading at issue was originally filed by TransAlta on September 18, 2018, amended on May 10, 2019, and the Court has reviewed extensive briefing and oral argument leading up to an Order from Judge Leighton on August 31, 2020. This Order, *inter alia*, denied TransAlta's motion for summary judgment of Plaintiff Coalview's claim for a declaratory judgment that TransAlta

ORDER DENYING MOTION TO AMEND ANSWER AND TO ADD COUNTERCLAIM - 1

cannot terminate the Master Services Agreement ("MSA") for insolvency based on TransAlta's March 29, 2019, notice of default letter. *See* Dkt. #321.

This case is not in its early stages. Although the Court never set a deadline to amend pleadings in a scheduling order, nearly all the deadlines in this case have passed, including those for discovery and dispositive motions. *See* Dkts. #337 and #338. Only pretrial deadlines remain. Trial is set to begin on November 1, 2021.

TransAlta Centralia Mining LLC now seeks to essentially reboot litigation by filing a counterclaim to address the same or similar issues previously addressed in the Court's summary judgment order, viewed through the lens of its September 2020 notice of default issued to Coalview. *See* Dkt. #335. TransAlta admits that its Motion will require an amendment to the scheduling order to allow for new discovery, *id*. at 14–15, and clearly seeks to file a new dispositive motion, *see* Dkt. #340 at 7 ("[t]here is enough time before the first pretrial deadline for TransAlta to… move for summary judgment on its 2020 Notice claim"). TransAlta boldly declares that the existing trial date can be maintained. Dkt. #340 at 7 ("If the Court grants TransAlta's motion to amend, there will be no need to delay the November 2021 trial...").

TransAlta maintains that the issues in its new counterclaim "did not materialize until long after the filing of the most recent pleadings." Dkt. #335 at 11. TransAlta states that this litigation was "effectively paused" in late 2020 while it pursued an appeal and the parties awaited a ruling from the Court on its Motion to Strike or Continue Trial Date. *Id.* However, on March 22, 2021, the appeal was dismissed voluntarily by TransAlta and this Motion followed on April 8, 2021. TransAlta argues, "[w]here a party promptly moves for leave to amend after learning about the existence of a counterclaim, the diligence requirement under Rule 16 is met." *Id*. at 15.

ORDER DENYING MOTION TO AMEND ANSWER AND TO ADD COUNTERCLAIM - 2

Attacking the timeliness of this Motion, Coalview counts "over seven months" from the September 2020 default notice to the filing of the instant Motion. Dkt. #339 at 2. According to Coalview, TransAlta's September 2020 letter "is predicated on facts existing in February 2019." *Id*. The real motivation for the instant Motion, according to Coalview, is not the discovery of new facts but another bite of the apple after disagreeing with Judge Leighton's Order. *Id*. Coalview sums it up thusly:

> TCM has basically copied and pasted from its March 29, 2019 default letter and plugged in a new claimed date of default (September 2020, based on facts existing as of February 2019) to seek some way around the Court's multiple findings that TCM cannot terminate the parties' contracts. TCM's proposed amendment seeks to abandon the case that the parties have been litigating for over two years, requiring the parties to obtain new expert opinions and analysis and re-take discovery on this central issue as of the new effective date of default now claimed by TCM.

*Id.* at 4.

The Federal Rules of Civil Procedure "permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). This rule "is designed to permit expansion of the scope of the existing litigation to include events that occur after the filing of the original complaint." *Keith v. Volpe*, 858 F.2d 467, 471 (9th Cir. 1988). Courts generally apply the Rule 15(a) standard for leave to amend to Rule 15(d) motions to supplement the pleadings.

A "court should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2). Courts apply this policy with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). Five factors are commonly used to assess the propriety of granting leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended the

ORDER DENYING MOTION TO AMEND ANSWER AND TO ADD COUNTERCLAIM - 3

complaint.  *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990); *Foman v. Davis*, 371 U.S. 178, 182 (1962).  In conducting this five-factor analysis, the court must grant all inferences in favor of allowing amendment.  *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).  In addition, the court must be mindful of the fact that, for each of these factors, the party opposing amendment has the burden of showing that amendment is not warranted.  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987); *see also Richardson v. United States*, 841 F.2d 993, 999 (9th Cir. 1988).

A scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  The decision to modify a scheduling order is within the broad discretion of the district court.  *Johnson*, 975 F.2d at 607.  "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment."  *Id.* at 609.  If a party has acted diligently yet still cannot reasonably meet the scheduling deadlines, the court may allow modification of the schedule.  *Id*.  However, "if that party was not diligent, the inquiry should end" and the motion to modify should not be granted.  *Id*.  Local Civil Rule 16(m) states that "this rule will be strictly enforced" in order to "accomplish effective pretrial procedures and avoid wasting the time of the parties, counsel, and the court."  While prejudice to the party opposing the modification may provide additional reasons for denying the motion, it is not required to deny a motion to amend under Rule 16(b).  *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1295 (9th Cir. 2000).

The Court first finds that allowing amendment to add a counterclaim would inherently require amending the scheduling order to reopen discovery and allow for dispositive motions.  The parties agree on this point.  Given the above standards, the Court will first analyze whether TransAlta has been diligent in seeking this amendment.  The Court questions TransAlta's

ORDER DENYING MOTION TO AMEND ANSWER AND TO ADD COUNTERCLAIM - 4

supposed learning about the existence of this counterclaim in September of 2020. The Court doubts there were significant new facts giving rise to this claim as of September 2020,[1] and is compelled by Coalview's argument that this is actually an attempt to get around Judge Leighton's prior rulings on the subject. The Court need only look to TransAlta's own words. *See, e.g.,* Dkt. #340 at 3 ("The trial court…. construed the 2019 Notice (incorrectly, in TransAlta's view) as being retroactive to December 31, 2018…. Thus, when the Court's order on summary judgment made it clear on August 31, 2020 that TransAlta would not get a ruling on whether Coalview was in default for its failure and inability to pay debts on March 29, 2019 absent an appeal, TransAlta issued a second notice of default on September 3, 2020…"). It is not clear how the Court could rule on this counterclaim without revisiting Judge Leighton's prior rulings.

In any event, the Court agrees with Coalview that TransAlta sat on the facts giving rise to this amendment for at least seven months. This is a significant amount of time given the procedural posture of this case. The Court finds that TransAlta's suggested reason for this delay, the appeal, is either irrelevant or actually demonstrates undue delay because it was brought by TransAlta and ultimately dismissed voluntarily by TransAlta. Considering all of the briefing and the record, the Court finds that TransAlta has not been diligent in filing a Motion that will require amending the scheduling order. This alone is dispositive and requires denying the instant Motion.

Even if the Court stuck to a Rule 15 standard, the Court would deny this Motion due to TransAlta's undue delay, prior amendment, and the clear prejudice to Coalview. Coalview persuasively argues that reopening discovery and requiring further motions practice on the eve

---

[1] As Judge Leighton observed in his August 2020 Order, "TCM has advanced three separate 'default' dates in this case, based on different claimed debts and different analyses of the insolvency issue." Dkt. #321 at 5.

ORDER DENYING MOTION TO AMEND ANSWER AND TO ADD COUNTERCLAIM - 5

of trial would cause significant prejudice both by delaying the resolution of this action and by increasing fees and costs. *See* Dkt. #339 at 12–13.

Given all of the above, and after having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that TransAlta Centralia Mining LLC's Motion for Leave to File Supplemental Answer and Counterclaim, Dkt. #335, is DENIED.

DATED this 4th day of June, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION TO AMEND ANSWER AND TO ADD COUNTERCLAIM - 6